IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NUMBER: |
| v. | ) ) ) | 2:10CV166-M-A |
| | ) ) | **COMPLAINT** |
| FORREST CITY GROCERY COMPANY, | ) ) ) | **WITH JURY DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Amanda McMillian who was adversely affected by such practices. As alleged with greater particularity in paragraphs six (6) through sixteen (16) below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Forrest City Grocery Company ("Defendant" or "Forrest City") discriminated against Amanda McMillian by paying her less than similarly situated male employees and by denying her promotion in favor of less qualified male applicants.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections §§ 703(a) and 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been incorporated in the State of Arkansas, has continuously been doing business in the State of Mississippi and the City of Shaw, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amanda McMillian filed a charge with the Commission alleging violations of Title VII by Defendant Forrest City Grocery. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since in or about February 2007, Defendant engaged in unlawful employment practices at its Shaw, Mississippi location in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by paying Amanda McMillian ("McMillian") less than similarly situated male employees and by denying McMillian promotion in favor of less qualified male applicants based on her sex.

8. Defendant hired McMillian around April 1999 as a clerical employee. At some later date, Defendant assigned McMillian to inside sales duties. McMillian excelled in her job, and throughout her employment was assigned and performed duties similar to outside salespersons.

9. On or about February 2007, McMillian expressed to Defendant's manager that her salary should be comparable to the salary paid outside salespersons. Alternatively, she requested to be promoted to a then vacant outside sales position.

10. McMillan was qualified for the position and had been performing similar duties for some time. Defendant did not increase the compensation paid to McMillian and did not select McMillian for the vacant outside sales position.

11. The explanations offered by Defendant's manager for not promoting McMillian was that she was needed in the office, it was "too dangerous" for a female to be an outside salesperson and women could not be "good mothers and work on the road."

12. A short time thereafter, and prior to June 2007, McMillan again asked that her compensation be equalized with outside sales persons. Her specific request was to be paid a salary at the higher wage paid to the male outside salespersons.

13. Defendant did not make McMillian a salaried employee and did not pay her the higher wage paid to the male outside salespersons.

14. Around June 2007, McMillian learned that Defendant was hiring for a then vacant outside sales position.

15. McMillian again requested to be considered for promotion to the vacant position. She again was not selected for the vacant position.

16. Defendant filled the vacant outside sales positions with two males, consistent with its stated position that a woman could not be an outside salesperson.

17. The effect of the practice(s) complained of in paragraphs six (6) through sixteen (16) above has been to deprive McMillian of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Amanda McMillian.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on sex, including compensating employees and making promotion decisions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Amanda McMillian whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

   D. Order Defendant to make Amanda McMillian whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs six (6) through sixteen (16) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

   E. Order Defendant to make whole Amanda McMillian by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs six (6) through sixteen (16) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses

   F. Order Defendant to pay Amanda McMillian punitive damages for its malicious and reckless conduct described in paragraphs six (6) through sixteen (16) above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

>RESPECTFULLY SUBMITTED,
>
>P. DAVID LOPEZ
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>U. S. Equal Employment
>Opportunity Commission
>131 M Street, N.E.
>Washington, D.C. 20507
>
>C. EMANUEL SMITH
>Regional Attorney
>Mississippi Bar # 7473
>
>_____
>JULIE BEAN
>Supervisory Trial Attorney
>D.C. Bar # 433292
>
>Equal Employment Opportunity
>Commission
>Birmingham District Office
>Ridge Park Place, Suite 2000
>1130 22nd Street South
>Birmingham, AL  35205
>(205) 212-2045
>(205) 212-2041