**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER: 2:10-cv-00166-MPM-SAA** |
| **FORREST CITY GROCERY COMPANY,** | ) | |
| **Defendant.** | ) | |

# CONSENT DECREE

## I. INTRODUCTION

This action was filed by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on September 29, 2010. The Commission alleges that Defendant Forrest City Grocery Company ("Forrest City") discriminated against Plaintiff-Intervenor Amanda McMillan in violation of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, ("Title VII"). More specifically, the EEOC alleges that Forrest City discriminated against Amanda McMillan on the basis of sex (female) when it did not promote her to a sales position at its former location in Shaw, Mississippi and paid her less than similarly situated male employees performing similar work. EEOC further alleges that Defendant's actions caused Amanda McMillan monetary, emotional and mental harm. Defendant denies these allegations.

## II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

A. This Court has jurisdiction over the parties and the subject matter of this action.

B. This Consent Decree is entered into by the EEOC and Forrest City. This Consent Decree, and its terms, shall be final and binding on the EEOC and Forrest City, including its present and future representatives, agents, officers, managers, successors and assigns.

C. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Case No.: **2:10-cv-00166-MPM-SAA**. This Consent Decree does not affect any other administrative charges which may be pending with the EEOC or any other cases pending in this or any other court. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of a violation of Title VII. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any party is found to be in contempt of this Consent Decree.

D. This Consent Decree shall be filed in the United States District Court for the Northern District of Mississippi, Delta Division, and becomes effective on the date it is entered by the Court. This Consent Decree shall remain in effect for period of thirty-six (36) months, unless ended sooner by Order of the Court. After the expiration of the first twenty-two (22) months under this Consent Decree, Defendant may seek an Order from the Court terminating this Consent Decree up to twelve (12) months prior to its scheduled termination. This request to the Court may be made with or without consent of the EEOC. The EEOC will not unreasonably withhold consent provided that Defendant has met all its obligations under this Consent Decree and has not been the subject of adverse charge investigation findings by the EEOC. Any other desired modification of the Consent Decree by any party shall be made by motion to the Court. In the event Defendant fails to comply with its obligations under this Consent Decree, the EEOC

may petition the Court for appropriate sanctions including extension of this Decree as described in Section VI(Y) below.

Any other desired modification of the Consent Decree by any party shall be made by motion to the Court.

E. The Court retains jurisdiction over this case in order to enforce the terms of this Consent Decree.

F. This Consent Decree shall apply to all of Forrest City's business operations and facilities, including those business operations and facilities exercising authority over the hiring, transfers, promotion, or wages of persons in sales positions in Arkansas and Mississippi.

G. The Parties stipulate that the documents identified at Attachment A contain trade secrets or otherwise confidential business records of Forrest City. As such, the Commission will not use the documents for any purpose other than this litigation and will not disclose or disseminate the documents or confidential information contained therein to any other Parties. If any of the listed documents are distributed to the Court as part of any enforcement action, they will be filed under seal. The Commission shall destroy them upon conclusion of this litigation in accordance with its regular destruction procedures. These documents are subject to exemptions from disclosure contained in the Freedom of Information Act (FOIA).

## III. CHARGING PARTY'S RELIEF

H. Forrest City shall pay Amanda McMillan the gross amount of $125,000 (one hundred twenty five thousand dollars). The amount paid to Ms. McMillan shall compensate her for backpay and for compensatory and punitive damages. The payment shall be made no later than fourteen (14) calendar days after this Consent Decree is entered by the Court according to the payment terms agreed to by Amanda McMillan and Forrest City, and shall be sent to

Amanda McMillan through her attorneys by certified mail to: Matthew Hetzel, Morgan & Morgan, One Jackson Place, 188 E. Capitol Street, Suite 777, Jackson, MS 39201. Forrest City shall simultaneously mail a copy of the checks to the Regional Attorney, Birmingham District Office, 1130 22nd Street South, Birmingham, Alabama 35205. Forrest City shall provide Ms. McMillan appropriate tax reporting forms by the legally required date.

I. Personnel Records. Forrest City agrees to remove all references, documents, and records relating to or referencing this litigation or the underlying charge of discrimination from Amanda McMillan's personnel file, but may retain same in a separate and confidential file.

J. Neutral Reference. Amanda McMillan shall direct all communication regarding her employment with Forrest City or Dixie Tobacco to Anna Chapman or another individual at the Human Resources Department at Forrest City. In the event that Forrest City receives any inquiry from any prospective employer concerning Ms. McMillan's employment, Anna Chapman or any other representative at the Human Resources Department at Forrest City will respond by providing only Ms. McMillan's title and dates of employment. Forrest City shall not divulge, directly or indirectly, to any employer or in response to any inquiry by a potential employer of Amanda McMillan any of the facts or circumstances related to the underlying charge of discrimination against Defendant, or any of the events relating to Ms. McMillan's participation in the litigation of this matter. The parties agree that this Consent Decree does not restrict Defendant's right to issue a press release or to respond to inquiries from the press regarding this matter.

## IV. GENERAL INJUNCTIVE PROVISIONS

K. Non-discrimination: Forrest City and its officers, agents, management (including supervisory employees), successors and assigns are hereby enjoined from: (a) discriminating

against salesperson and/or salesperson applicants on the basis of their sex; and/or (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of discriminating against any salesperson or salesperson applicants based on sex. Forrest City shall comply with Title VII's non-retaliation provisions with regard to persons who have engaged in opposition activity related to the allegations underlying this Complaint, or participated in any administrative proceeding or litigation related to the allegations underlying this Complaint. ,

L. Posting: For the duration of this Consent Decree, Forrest City shall post its EEO policy at its corporate headquarters in Arkansas.

M. Policies and Procedures: Within ninety (90) days of the entry of this Consent Decree, Forrest City shall develop and implement internal policies and procedures concerning sex discrimination, including ensuring equal opportunity for women in hiring, transfers, and promotion. Within ten (10) days of their implementation, a complete copy of these policies and procedures concerning sex discrimination shall be submitted to the Regional Attorney, EEOC, Birmingham District Office, at the address listed above. Forrest City's internal policies and procedures shall include, at a minimum, a definition of discrimination prohibited by Title VII of the Civil Rights Act of 1964 that expressly identifies sex as a protected class, a statement of commitment to equal opportunity for women in the workplace; a statement that sex discrimination in application, hiring, transfers, promotions, and wages will not be tolerated; a statement in which employees are encouraged to report sex discrimination in application, hiring, transfers, promotions, and wages; a clear process for individuals, including employees and applicants, to report sex discrimination in application, hiring, transfers, promotions, and wages; and a clear process for preventing, correcting and remediating sex discrimination in application,

hiring, transfers, promotions, and wages of sales positions. The requirements of this paragraph are not violated if the requirements also are applied to other categories of employees protected by Title VII, and any other statute enforced by the Commission.

N. Dissemination of Policies and Procedures. Within 90 (ninety) days of the execution of this Consent Decree, Forrest City agrees to adopt and disseminate its non-discrimination policies and procedures to all employees, including employees with supervisory and managerial responsibilities. Forrest City will disseminate its non-discrimination policies and procedures to all new supervisors, managers, and employees within 10 (ten) days of their hire. In all posting or notices for available sales position, Forrest City will include a statement that the company does not discriminate.

O. Posting of Available Sales Positions. Prior to considering applicants for sales positions, Forrest City shall formally post a notice of the available sales position.

## V. TRAINING

P. Within six (6) months of the entry of this Consent Decree and at least once each year for the duration of this Consent Decree, Forrest City shall provide live, in-person training on Title VII including, but not limited to, sex discrimination for all supervisory and managerial employees. This training will include, but not be limited to, employees with responsibilities over hiring, transfers, promotions, and wages of salespersons.

Q. The training shall be at least one (1) hour in length. The training shall include the following topics:

1. An overview of Title VII generally and of Forrest City's obligations under Title VII with respect to sex discrimination at all phases of employment, including applications, hiring, transfers, promotions and wages

(including examples of sex discrimination); and

2. Forrest City's policies and procedures regarding sex discrimination in applications, hiring, transfers, promotions, and wages.

R. The individual(s) who conduct training required by this Consent Decree shall be knowledgeable in all subjects of the training. Forrest City shall submit the name(s), address(es), telephone number(s), and resume(s) of the trainer(s), and the training dates, to the Regional Attorney of the Birmingham District Office, at the address set forth above. Forrest City shall submit this information within 14 days after each annual training. The training shall permit interaction by the participants.

S. A signed registry of attendance at each annual training shall be kept and maintained by Forrest City.

## VI. REPORTING

T. Forrest City shall report to the Commission, in writing, within six (6) months from the entry of this Consent Decree and at the expiration of this Consent Decree regarding its compliance with the specific terms of the Consent Decree. Forrest City shall send the report to the Regional Attorney of the EEOC's Birmingham District Office, at the address set forth above. The report shall include the following:

1. Copies of any revisions to Forrest City policies and procedures regarding sex discrimination;

2. Copies of the training registries signed by employees at the training sessions as described above.

U. Forrest City shall report to the Commission in writing within six months of the entry of this Consent Decree confirmation that (a) the required Notice was posted, with a description of the location where it was posted; and (b) the training was held.

V. Every six months from the date of entry of this Consent Decree, Forrest City shall send to the Regional Attorney of the EEOC's Birmingham District Office a list containing the name, date of birth and gender of each applicant for the position of salesperson, a copy of the position announcement associated with the position, the date each position was filled, and the gender of the person who filled it. Forrest City shall retain, through the pendency of this Consent Decree, all announcement, application, interview and hiring documents created or generated from, or received as a result of, the position announcement and/or hiring decision.

W. Every six months from the date of entry of this Consent Decree, and at the expiration of the Consent Decree, Forrest City shall send to the Regional Attorney of the EEOC's Birmingham District Office a list containing the name, address and phone number, date of birth, and gender of each person who filed, lodged or verbalized a complaint or report of sex discrimination by Forrest City. The list also shall contain a summary of the complaint or report, the date the complaint or report was made, the status of Forrest City's response to the complaint, and a description of Forrest City's response to the complaint.

X. Plaintiff and Defendant shall each bear its own costs, expenses, and attorney's fees incurred in this action up to the date of the entrance of this Decree.

Y. This Consent Decree shall expire thirty-six (36) months from its entry by this Court, without further action by the parties, unless the length of the Consent Decree is reduced pursuant to II(D). The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which period any party may petition this Court for compliance with the Consent Decree. Should the Court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such minimal period as may be necessary to remedy its non-compliance, may be ordered.

Z. The parties agree to the entry of the Consent Decree subject to final approval by the Court.

IT IS SO ORDERED THIS THE 22nd day of August, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

/s/ C. Emanuel Smith
C. EMANUEL SMITH
MS Bar No.: 7473
Regional Attorney

/s/ Julie Bean
JULIE BEAN
D.C. Bar No.: 433292
Supervisory Trial Attorney

/s/ Ylda Marisol Kopka
YLDA MARISOL KOPKA
IL Bar No.: 6286627
ylda.kopka@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone: (205) 212-2062

FOR DEFENDANT FORREST CITY GROCERY COMPANY

/s/ Joe Wegener
VP Human Resources
As the corporate representative for Defendant

/s/ Robert P. Lombardi
Robert P. Lombardi, Attorney for Defendant
The Kullman Firm
1100 Poydras St., Ste. 1600
New Orleans, LA 70163
rpl@kullmanlaw.com
(504) 596-4127

/s/ Jacob Malatesta
Jacob Malatesta, Attorney for Defendant
Wilkins Tipton, PA
540 Main Street, Suite 403
Greenville, Mississippi 38701
(662) 335-5555

**Attachment A**

P000035-P000037
P000038-P000076
P000079-P000091
P000093-P000103
P000105-P000114
P000116-P000123
P000125-P000130
P000132-P000137
P000139-P000144
P000146-P000177
P000179-P000194
P000196-P000240
P000242-P000247
PP000001-PP000018
BCPPRSNL00001-00013
JDPPRSNL00001-00020
BCPAY00001-00004
DCPAY00001-00004
DPPAY00001-00014
AMPAY00001-00004
SALESPAY00001-00340
JMBPRSNL00001-00005
PMBPRSNL00001-00023
MLBPRSNL00001
BGCPRSNL00001-00014
RDDPRSNL00001-00052
DPDPRSNL00001-00012
MLEPRSNL00001-00006
AWFPRSNL00001-00015
SLFPRSNL00001-00010
JGPPRSNL00001-00013
BGHPRSNL00001-00020
ADHPRSNL00001-00046
WTHPRSNL00001-00009
SMHPRSNL00001-00036
RCHPRSNL00001-00015
JAJPRSNL00001-00028
SDKPRSNL00001-00025
DJLPRSNL00001-00050
PSMPRSNL00001-00008
PHPPRSNL00001-00007
DRSPRSNL00001-00035
DHSPRSNL00001-00020
DCSPRSNL00001-00008

CDTPRSNL00001-00016
EWTPRSNL00001-00034
MATPRSNL00001-00009
RLTPRSNL00001-00010
JCWPRSNL00001-00012
MFWPRSNL00001-00013
DAYPRSNL00001-00016
INTERVENORPLAINTIFF
106-164, 172, 174, 189, 191,
202, 211

Any Forrest City or Dixieland Tobacco and Candy Company personnel, finance, accounting, or customer records provided to the EEOC by Intervenor Amanda McMillan and not otherwise listed above.